**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMAL WRIGHT,                        :
                                     :
    Petitioner,  :
                                     :   Civil Action
                                     :
    v.           :
                                     :   No. 13-6420
MARIOSA LAMAS, ET AL,                :
                                     :
    Respondents  :

---

## DECLARATION OF MAX KAUFMAN

1.      My name is Max Kaufman and I am an Assistant District Attorney (ADA) with the Law Division of the Philadelphia District Attorney's Office (DAO), Federal Litigation Unit.

2.      In early 2018, I was assigned to handle Wright v. Lamas, Docket No. 2:13-cv-06420-WB (E.D.Pa.), after the previous assigned ADA, Simran Dhillon, left the office.

3.      As the assigned ADA, I reviewed the case file, which included memoranda prepared in August and September of 2017 by ADA Dhillon and her direct supervisor, former ADA Susan Affronti.

4.      In those memoranda, ADA Dhillon and ADA Affronti referred this matter to the DAO's Conviction Integrity Unit (then known as the Conviction Review Unit), citing the partial success of Wright's co-defendant Yakee Bentley on his analogous habeas petition, the Office's subsequent resolution of Bentley's habeas case with a plea bargain, the difficulty of potentially re-trying Wright should his habeas petition succeed, and other issues.

1

5. On December 7, 2017, Magistrate Judge Richard Lloret held an evidentiary hearing on whether Wright's habeas petition was timely filed under the doctrine of equitable tolling.

6. My recollection of the DAO's position at that time, notwithstanding that the hearing itself had not resulted in any adverse findings, was there was a significant likelihood that the District Court would ultimately find Wright's habeas petition had been timely filed, and that habeas relief would be granted on the underlying claim of ineffective assistance of counsel regarding trial counsel's failure to investigate or call as a witness Ebony Carter.

7. As a result of that position, as well as my own assessment of the case, I also prepared a referral to the Conviction Integrity Unit in February of 2018, noting there was a significant likelihood that habeas relief would be granted to Wright on his underlying claim of ineffective assistance of counsel.

8. When I referred the case to the Conviction Integrity Unit, I noted the involvement at trial of Judge Carolyn Engel Temin (as trial judge) and Paul George, Esq. (as Wright's defense counsel).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___9/18/18___

MAX KAUFMAN

**EXHIBIT B**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMAL WRIGHT,          :
                       :

        Petitioner,        :
                       :      Civil Action

                       :

        v.                :
                       :      No. 13-6420

MARIOSA LAMAS, ET AL,    :
                       :

        Respondents     :

---

## DECLARATION OF CAROLYN ENGEL TEMIN

1.      My name is Carolyn Engel Temin and on January 11, 2018, I joined the Philadelphia District Attorney's Office (DAO) as First Assistant District Attorney.

2.      I previously worked as a judge of the Philadelphia Court of Common Pleas.

3.      I was the judge in Jamal Wright's nonjury trial in September of 2001.

4.      On May 31, 2018, I was formally notified via email from ADA Andrew Wellbrock of the Conviction Integrity Unit confirming that I was "being screened" from the DAO's review of the Wright case "due to [my] previous involvement with the case."

5.      Prior to and after receiving the aforementioned email, no member of the DAO has discussed this matter with me; I have not seen any documents associated with this matter in the course of my employment with the DAO; I do not have access to the file in this matter; and I understand the DAO's strong policy against breach of this screening, including the possibility of sanctions, and/or physical or geographical separation.

6.      At all times during my employment with the DAO, I have been screened from all participation and access to Mr. Wright's habeas case, pursuant to Pa. R. Prof'l Conduct R.

1

1.10(k), in that I have been isolated from any participation in this matter through the timely imposition of procedures that are reasonably adequate under the circumstances to protect information that I am obligated to protect under the Pennsylvania Rules of Professional Conduct or other laws.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    9/17/18

CAROLYN ENGEL TEMIN

**<u>EXHIBIT C</u>**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAL WRIGHT, | : | |
| | : | |
| Petitioner, | : | |
| | : | Civil Action |
| | : | |
| v. | : | |
| | : | No. 13-6420 |
| MARIOSA LAMAS, ET AL, | : | |
| | : | |
| Respondents | : | |

---

## DECLARATION OF PAUL GEORGE

1.     My name is Paul George, and I am currently an Assistant District Attorney (ADA) serving as the assistant supervisor of the Law Division of the Philadelphia District Attorney's Office (DAO) since February 1, 2018.

2.     I previously worked as a criminal defense lawyer, including as a lawyer with the Defender Association of Philadelphia.

3.     In that capacity, I represented Jamal Wright at his nonjury trial in September of 2001, along with my colleague and co-counsel Thurgood Matthews, Esq.

4.     After Mr. Wright was convicted, he requested the appointment of new counsel at his sentencing and I had no further involvement with the case.

5.     In early 2016, I spoke two or three times to Mr. Wright's present counsel, Jonathan Feinberg, Esq., regarding Mr. Wright's subsequent federal habeas corpus petition.

6.     On April 12, 2016, at Mr. Feinberg's request, I prepared an affidavit concerning my representation of Mr. Wright at his trial.

1

7.     On May 31, 2018, I was formally notified via email from ADA Andrew Wellbrock of the Conviction Integrity Unit, confirming that I was "being screened" from the DAO's review of the case "due to [my] previous involvement with the case."

8.     Prior to and after receiving the aforementioned email, I have had no interaction relating to, or involvement with, Mr. Wright's case while serving as an ADA – more specifically, no member of the DAO has discussed this matter with me; I have not seen any documents associated with this matter; I do not have access to the file in this matter; and I understand the DAO's strong policy against breach of this screening, including the possibility of sanctions, and/or physical or geographical separation.

9.     At all times during my employment with the DAO, I have been screened from participation in Mr. Wright's habeas case or access to that case file, pursuant to Pa. R. Prof'l Conduct R. 1.10(k), in that I have been isolated from any participation in this matter through the timely imposition of informal and formal procedures that are reasonably adequate under the circumstances to protect information that I am obligated to protect under the Pennsylvania Rules of Professional Conduct or other laws.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on ___9 - 19 - 18___            _____
                                          PAUL GEORGE

**EXHIBIT D**

| | | |
|---|---|---|
| JAMAL WRIGHT, | : | CIVIL ACTION |
| Petitioner | : | |
| v | : | |
| | : | |
| MARIOSA LAMAS, et al, | : | |
| Respondents | : | No. 13-6420 |

## DECLARATION OF NANCY WINKELMAN

1.     My name is Nancy Winkelman. I am an Assistant District Attorney and the Supervisor of the Law Division of the Philadelphia District Attorney's Office (DAO). I joined the DAO on January 2, 2018.

2.     In January, early on in my tenure, at his request, I spoke with Jonathan Feinberg, counsel for petitioner, about this case. I informed Mr. Feinberg that the case had been referred to the Conviction Integrity Unit (formerly named the Conviction Review Unit).

3.     During the phone call, Mr. Feinberg informed me that Paul George, the incoming Assistant Supervisor of the DAO Law Division, had represented petitioner Wright at a prior time. Mr. Feinberg also informed me that Judge Carolyn Engel Temin, First Assistant to the District Attorney, had sat as a trial judge in Mr. Wright's case.

4.     Because of this, in accordance with the DAO conflicts policy and the Pennsylvania Rules of Professional Conduct, Mr. George and Judge Temin have been screened from any and all involvement in this case.

I declare under penalty of perjury that the foregoing is true and correct.

NANCY WINKELMAN
Supervisor, Law Division

Executed on _Nov. 5, 2018_

## EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMAL WRIGHT,                        :
                                     :
    Petitioner,   :
                                     :    Civil Action
                                     :
    v.             :
                                     :    No. 13-6420
MARIOSA LAMAS, ET AL,                :
                                     :
    Respondents    :

---

## DECLARATION OF RICHARD GLAZER

1.    My name is Richard Glazer and I am a Senior Advisor to the Philadelphia District Attorney's Office (DAO). Part of my responsibilities is to oversee adherence to City Ethics and professional conduct

2.    I joined the DAO in that capacity in early 2018; my role includes assessing possible conflicts of interest and ensuring compliance with applicable ethical rules.

3.    In furtherance of those goals, I also developed protocols and best practices for assessing and addressing actual or potential conflicts of interest over the spring of 2018.

4.    I developed one such protocol, the "Conflict Resolution Protocol," (or "Protocol") to address, inter alia, a situation where a newly employed lawyer at the DAO previously personally represented a criminal defendant at some stage of the criminal process, and that defendant is now being prosecuted, is the subject of an appeal, or is a PCRA petitioner, in a matter presently being handled by the DAO. The Protocol also contemplates the situation where First Assistant District Attorney Carolyn Engel Temin ("Judge Temin") participated personally

and substantially as a judge in a matter involving a criminal defendant that is presently being handled by the DAO.

5.      The legal research providing the foundation for developing the Protocol indicates that Pennsylvania case law supports the proposition that lawyers currently employed by the government must comply with general rules on conflicts, as Rule 1.11(d) of the Pennsylvania Rules of Professional Conduct, regarding government lawyers, expressly incorporates Rules 1.7 and 1.9, which describe general rules regarding conflicts of interest; however, the case law also supports the proposition that the conflicts of government lawyers are not imputed to their governmental colleagues.

6.      The Protocol further advisesthat, where retention of a matter is deemed appropriate notwithstanding that an individual lawyer within the DAO may have a conflict, screening (per Model Rule of Professional Conduct 1.0(k)) is a sine qua non; such a "screening" denotes the isolation of a lawyer from any participation in the matter through the timely imposition of procedures within a firm that are reasonably adequate under the circumstances to protect information that the isolated lawyer is obligated to protect under the Rules of Professional Conduct or other law.

7.      The Protocol also expresses the policy preference of the DAO to retain as many conflict-related cases as possible to avoid indiscriminate transfers of matters to the Attorney General's Office where screening would suffice instead.

8.      The Protocol mandates that the Senior Advisor will maintain a file of all communications relating to screening between a conflicted lawyer and an assigned lawyer in the DAO,

9.     The Protocol also contemplates that the Senior Advisor, in coordination with the First Assistant District Attorneys, may evaluate many, if not most, conflict-related matters on an ad hoc or case-by-case basis; such evaluations will take into account appearance-of-impropriety issues, although the case law is clear that the current rules of professional responsibility do not adopt such a standard for assessing conflicts of interest.

10.     As part of my development of best practices regarding conflict-related matters, I presented a mandatory training to all Assistant District Attorneys on "Recommended Conflict Screening Procedures" on May 24, 2018 at 4 pm. To assure maximum participation First Assistant Carolyn Temin secured a commitment from Judge Leon Tucker to request all criminal court judges to adjourn no later than 3:45 pm on May 24

11.     That training set out the following steps for lawyers within the DAO to follow when a case presented a conflict-of-interest issue, as follows:

    a.  the personally disqualified lawyer should be informed of the obligation not to communicate with any of the other lawyers in the DAO with respect to the matter at issue;

    b.  other lawyers in the DAO who are working on the matter should be informed that the screening is in place and that they may not communicate with the conflicted lawyer with respect to the matter at issue;

    c.  to implement and reinforce the presence of the screening, it may be appropriate in certain instances, to require a written undertaking by the conflicted lawyer to avoid any communication with other DAO personnel and any contact with any DAO files or other information relating to the matter at issue;

d. the denial of access by the conflicted lawyer to DAO files or other information, including information in electronic form, (including but not limited to DAO electronic databases) relating to the matter at issue;

e. the placement of a highly visible sticker on each file involving a conflict with information on the file name, file number, and the identity of the conflicted lawyer; and

f. all communications by and between DAO lawyers on conflicts should be copied to the Senior Advisor .

12.     The training also included an example of a "Notice Pursuant to Rule 1.12(c)(2) of the Pennsylvania Rules of Professional Conduct" disclosing to a court the previous participation of a member of the DAO as a judge in the matter, as well as an example of how, in a motion or a brief, to disclose the prior participation and screening of a conflicted lawyer pursuant to the Protocol.

13.     The Protocol as well as the procedures were formalized in late May of 2018 and disseminated to the employees of the DAO.

14.     Shortly thereafter, Assistant District Attorney Andrew Wellbrock of the Conviction Integrity Unit contacted me with regard to the case of Jamal Wright, wherein Judge Temin had served as the trial judge, and Paul George, Esq., had served as defense counsel at trial, both Judge Temin and Mr. George having joined the DAO in 2018.

15.     ADA Wellbrock informed me that both Judge Temin and Mr. George had, at all times, been screened from any participation in Mr. Wright's case, and that Mr. Wright's case file already had a "Conflict Sticker" noting the conflicts.

16.    I directed ADA Wellbrock to send e-mails to both Judge Temin and Mr. George formally notifying them each of such screening.

17.    Subsequently, I directed ADA Wellbrock to submit a "Notice Pursuant to Rule 1.12(c)(2) of the Pennsylvania Rules of Professional Conduct" to the court to disclose Judge Temin's previous participation in Mr. Wright's case as a judge.

18.    To the best of my knowledge, at all times since Judge Temin and Mr. George joined the DAO, they have been screened from participation in this matter and no member of the DAO has discussed or attempted to discuss this matter with them, with the sole exceptions of notifying them that they are screened and asking them to prepare declarations to that effect.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _10/29/2018_

_____
RICHARD GLAZER

**EXHIBIT F**

JAMAL WRIGHT,               :
                                 :

      Petitioner,        :

                                 :     Civil Action
                                 :

      v.                  :
                                 :     No. 13-6420

MARIOSA LAMAS, ET AL,     :
                                 :

      Respondents     :

---

## **DECLARATION OF ANDREW WELLBROCK**

1.     My name is Andrew Wellbrock and I am an Assistant District Attorney (ADA) with the Conviction Integrity Unit ("CIU") of the Philadelphia District Attorney's Office (DAO).

2.     On August 17, 2017, former ADA Simran Dhillon prepared a memorandum recommending that this case, to which she was assigned, be referred to the DAO's Conviction Integrity Unit (then called the Conviction Review Unit ("CRU")), and the matter was so referred on September 5, 2017.

3.     The CRU opened a file on this matter on September 6, 2017.

4.     Former Common-Pleas Court Judge Carolyn Engel Temin joined the DAO as a First Assistant District Attorney in January of 2018; Paul George joined the DAO as an Assistant District Attorney with the Law Division of the DAO on February 1, 2018.

5.     At all times since Judge Temin and Mr. George joined the DAO, they have been screened from participation in this matter and no member of the DAO has discussed or attempted to discuss this matter with them, with the sole exceptions of notifying them that they are screened, as detailed <u>infra</u>, and asking them to prepare declarations to that effect.

6.      Further conflict-of-interest procedures were formalized within the DAO in late spring of 2018. Those procedures were communicated to me in a training conducted on or around May 15 through 17, 2018, entitled "Recommended Conflict Screening Procedures."

7.      On May 29, 2018, I e-mailed Richard Glazer, Esq., the Ethics Advisor at the DAO, for further guidance; in that e-mail, I noted that the CIU had already marked the file with one of the conflict stickers and, throughout its review of the case, had not discussed it with Judge Temin or Mr. George.

8.      Pursuant to Mr. Glazer's advice, on May 31, 2018, I formally notified both Judge Temin and Mr. George, via separate e-mails, that they were each respectively being screened from the CIU review of this case due to their previous involvement with the case.

9.      At the time I sent those notices, United State District Judge Wendy J. Beetlestone had already signed an order conditionally granting Mr. Wright habeas relief, remanded the case to the Philadelphia Court of Common Pleas for further proceedings, and closed the matter in federal court.

10.     Further pursuant to Mr. Glazer's advice, I also sent a formal notice to the Court of Common Pleas (pursuant to Rule 1.12(c) of the Pennsylvania Rules of Professional Conduct) on July 25, 2018, certifying that Judge Temin, having participated personally and substantially as a judge in Mr. Wright's state court case, had been disqualified and screened from any participation in the matter in her capacity as First Assistant District Attorney.

11.     Out of an abundance of caution, this notice also certified that Mr. George, having participated personally and substantially as a defense lawyer in Mr. Wright's state court case, had been disqualified and screened from any participation in the matter in his employment with the District Attorney's Office.

12.     The screening of Judge Temin and Mr. George has continued since the dates of that certification; at all relevant times, both Judge Temin and Mr. George have been disqualified and screened from any participation in Mr. Wright's case pursuant to the Pennsylvania Rules of Professional Conduct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 10/30/18

_____
ANDREW WELLBROCK

# **EXHIBIT G**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMAL WRIGHT,

                       Petitioner,

                    v.

MARIROSA LAMAS et al.,

                      Respondents.

:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION

No. 13-6420

## DECLARATION OF JAMAL WRIGHT

1.    I, Jamal Wright, am the petitioner in this matter. I provide this Declaration in support of the Motion to Reopen Record and Issue Additional Findings filed jointly by my attorney and attorneys from the Philadelphia District Attorney's Office ("DAO").

2.    I understand that the DAO and my attorney have reached an agreement concerning resolution of my habeas petition. I support that agreement.

3.    I have been advised that Paul George, Esq., my former trial counsel whose actions are the subject of my habeas petition, now works for the DAO.

4.    I have been advised that Judge Carolyn Engel Temin, the judge who heard my trial in the Philadelphia Court of Common Pleas, now works for the DAO.

5.    I have been advised that the DAO has screened off Mr. George and Judge Temin from any involvement in the litigation of my habeas petition and they have not had anything to do with the petition.

6.    I have no objection to the DAO continuing to participate in the litigation of my habeas petition or in the handling of the case should it be returned to the Philadelphia Court of Common Pleas.

7.     My attorney advised me of these matters and described to me the law concerning conflicts of interest before I decided to accept the agreed resolution of the habeas petition.

8.     My attorney advised me that I have the right to argue to a court that the DAO should not participate in the case.

9.     I do not, however, wish to make any argument challenging the DAO's participation in the case.

10.    I waive the right to challenge any conflict.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _10-30-18_

JAMAL WRIGHT